UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERYLENE ROBERTS and
ANITRESS THORNTON,

        Plaintiffs,

v.                                 CASE NO. 8:23-cv-1578-SDM-SPF

ESTATE OF ARETHA PATRICIA
YOUNG,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff Anitress Thornton's Application to Proceed in District Court without Prepaying Fees or Costs, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2). Upon review of Plaintiffs' Complaint (Doc. 1) and request to proceed *in forma pauperis* (Doc. 2), the undersigned recommends that Plaintiff's motion be denied and the Complaint dismissed.

### I.    BACKGROUND

Plaintiffs filed an initial pleading, entitled "Motion to Return Estate to Rightful Owner," that appears to challenge a decision of the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida not to reopen probate of the Estate of Aretha Patricia Young (Doc. 1). Although Plaintiffs' Complaint is difficult to decipher, Plaintiffs appear to suggest that an adverse party in the underlying probate litigation failed to disclose relevant information and that fraud was perpetrated on the court. Plaintiffs apparently seek relief pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure,

which provides that the Court may relieve a party from a final judgment, order, or proceeding on the basis of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor.  28 U.S.C. § 1915(a)(1).  When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A suit is frivolous when it is "without any merit in fact or law."  *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015).[1]  Where a district court determines from the face of the complaint that the factual allegations are baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").  Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id*. at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id*. at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

Dismissal is also appropriate if, upon review, the complaint reveals a lack of subject matter jurisdiction. *Cafaro v. Wyllins*, No. 8:10-cv-1836-T-30EAJ, 2010 WL 3747868, at *1 (M.D. Fla. Sept. 7, 2010), *report and recommendation adopted*, 2010 WL 3747837 (Sept. 22, 2010).  Finally, in reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and, therefore, construe the complaint more liberally. *Tannenbaum v. United*

3

*States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

### III.   ANALYSIS

From a review of Plaintiff Anitress Thornton's affidavit, it appears she is financially eligible to proceed *in forma pauperis* (Doc. 2).  But the undersigned recommends dismissal of Plaintiffs' Complaint (Doc. 1) because the Court lacks subject matter jurisdiction.

Plaintiffs' Complaint fails to even mention the basis of this Court's jurisdiction. To the extent Plaintiffs are attempting to state a cause of action under state law alone, they must establish diversity jurisdiction.  Diversity jurisdiction exists where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) there is complete diversity of citizenship.  28 U.S.C. § 1332(a)(1); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).  Here, Plaintiffs have not alleged that the amount in controversy exceeds $75,000 or addressed the citizenship of either party. "When jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, the plaintiff's complaint must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states."  *Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979).[2]  In other words, no party plaintiff may be a citizen of the same state as any of the defendants.  *Owen Equip. & Erection*

---

[2] The case law of the Fifth Circuit prior to September 30, 1981 has been adopted as precedent in this judicial circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

4

*Co. v. Kroger*, 437 U.S. 365, 373 (1978).  Because, according to the exhibits attached to the Complaint, Defendant is an estate which was probated in Florida (Doc. 1-1 at 43) and Plaintiff Derylene Roberts is a citizen of Florida (Doc. 1 at 5), the Court concludes that no diversity jurisdiction exists.

There also appears to be no basis for federal question jurisdiction as Plaintiffs fail to reference any specific federal statutes, treaties, or provisions of the U.S. Constitution. Indeed, Plaintiffs' Complaint only references Rule 60(b) of the Federal Rules of Civil Procedure.  But "the Federal Rules of Civil Procedure do not create an independent basis for federal subject matter jurisdiction." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 n.3 (11th Cir. 1996); *see also* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts.").

Moreover, Rule 60(b) allows a party to attack the judgment from the same court in which the motion is brought, it does not provide for an attack on a judgment from another court.  *See Bankers Mortg. Co. v. United States*, 423 F.2d 73, 78 n.9 (5th Cir. 1970) ("The motion for relief from final judgment must be filed in the district court and in the action in which the original judgment was entered."); *see also McKenna v. United States*, No. 8:11-cv-954-T-23MAP, 2011 WL 1749422, at *1 (M.D. Fla. May 6, 2011) ("Rule 60(b) is inappropriate, among other reasons, because McKenna seeks relief from a state court judgment and not a judgment of this court.") (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).  Even assuming Plaintiffs intended to file this as an independent action under Rule 60(d), the Court would lack jurisdiction because the alleged fraud was perpetrated against the state court, not a federal court.  *See Ferrier v. Cascade Falls Condo. Ass'n, Inc.*, 820

5

F. App'x 911, 914 (11th Cir. 2020) (rejecting argument that case should be permitted to proceed as independent action pursuant to Rule 60(d) because doing so "would effectively gut the [*Rooker-Feldmen*] doctrine by permitting litigants to challenge almost any state-court judgment in federal district court merely by alleging that 'fraud' occurred during the state-court proceedings"); *see also Brinson v. Sec'y, Dep't of Corr.*, No. 8:14-cv-3050-T-36AEP, 2017 WL 11527981, at *1 (M.D. Fla. Nov. 21, 2017) ("And to the extent Petitioner brings the motion under Rule 60(d)(3), the motion fails, since the alleged fraud he identifies was perpetrated against the state court.").

To that end, even if Plaintiffs' Complaint alleged either diversity or federal question jurisdiction, the Complaint would be subject to dismissal under the *Rooker-Feldman*[3] or *Younger*[4] doctrines.  Because Plaintiffs only vaguely describe the state court proceedings or orders they are challenging, it is difficult to discern the procedural posture of the underlying state court case.  To the extent Plaintiffs have exhausted their state court remedies or the state court litigation has concluded, the *Rooker-Feldman* doctrine applies. Under the *Rooker-Feldman* doctrine, federal courts generally may not review final judgments rendered by state courts.  *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (*en banc*); *see Nicholson v. Shafe*, 558 F.3d 1266, 1278-79 (11th Cir. 2009) (finding the *Rooker-Feldman* doctrine inapplicable if the state proceedings remain ongoing at the time the federal action is filed).  The Supreme Court has noted the *Rooker-Feldman* doctrine arises

---

[3] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[4] *See Younger v. Harris*, 401 U.S. 37 (1971)

in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment. *Coreno v. One W. Bank FSB*, 617 Fed. App'x 928, 929–30 (11th Cir. 2015). A claim filed in federal court is inextricably intertwined with a state court judgment if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues." *Id.* Plaintiffs appear to challenge the merits of a state court order declining to reopen probate. If this Court were to grant Plaintiffs the relief they seek, it would effectively nullify the state court's order. The *Rooker-Feldman* doctrine bars this Court from reviewing the merits of a state court judgment.

On the other hand, to the extent that the *Rooker-Feldman* doctrine is inapplicable due to the commencement of this federal action during the pendency of state court proceedings, Plaintiffs' Complaint is subject to dismissal under the *Younger* abstention doctrine. "The *Younger* doctrine bars federal court intervention in state noncriminal proceedings where the proceedings constitute an ongoing state judicial proceeding, the proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Adams v. State of Fla.*, 185 Fed. App'x 816, 816–17 (11th Cir. 2006) (*per curiam*) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)); *see Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If the proceedings in state court have not yet reached a conclusion,

this Court's review of or modification of its orders would clearly interfere with those proceedings.  The State of Florida has an interest in presiding over its own cases, and there is adequate opportunity in the State of Florida for Plaintiffs to raise their challenges.

As such, Plaintiffs' Complaint must be dismissed for lack of federal subject matter jurisdiction.  *See Cafaro*, 2010 WL 3747868, at *1 (when an application to proceed *in forma pauperis* is filed, dismissal of a case *sua sponte* is appropriate if, upon review, the complaint reveals a lack of subject matter jurisdiction).

### IV.     CONCLUSION

Considering the foregoing, the undersigned recommends that Plaintiffs' Complaint be dismissed without prejudice.  It is further recommended that Plaintiffs be afforded the opportunity to file an amended complaint, which should set forth the basis for the Court's jurisdiction and the factual allegations establishing a claim for relief in this forum, and to renew their request to proceed *in forma pauperis.  See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.").

Accordingly, it is hereby

**RECOMMENDED**:

1.  Plaintiffs' motion to proceed *in forma pauperis* (Doc. 2) be denied without prejudice.

2.  Plaintiffs' Complaint (Doc. 1) be *sua sponte* dismissed without prejudice.

3.  Plaintiffs be allowed to file an amended complaint that sets forth the basis for the Court's jurisdiction and the factual allegations establishing a claim for relief in this forum and to file a renewed request to proceed *in forma pauperis*.

4.  Plaintiffs be advised that failure to file an amended complaint within the allotted time may result in dismissal of this action.

**IT IS SO REPORTED** in Tampa, Florida, on December 15, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

<u>**NOTICE TO PARTIES**</u>

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.