UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERYLENE ROBERTS and
ANITRESS THORNTON,

    Plaintiffs,

v.                                                  CASE NO. 8:23-cv-1578-SDM-SPF

ESTATE OF ARETHA
PATRICIA YOUNG,

    Defendant.
_____/

**ORDER**

    Apparently attempting to commence a federal civil action against the Estate of Aretha Patricia Young, an estate probated in Florida, two *pro se* plaintiffs, Derylene Roberts and Anitress Thornton, submit a "MOTION TO RETURN ESTATE TO RIGHTFUL OWNER."[1] The motion, though opaque, lists the plaintiffs as "appellant[s]" and states that some state judge "abused her discretion in denying the Plaintiff's [sic] for a new trail [sic] pursuant to Rule 60(b)(3)[.]" Separately, the plaintiffs move (Doc. 2) to proceed *in forma pauperis*. In a thorough report, the magistrate judge recommends (Doc. 3) denying without prejudice the motion to proceed *in forma pauperis* and dismissing the "complaint" (that is, the "motion to return estate to

---

[1] Under Rule 3, Federal Rules of Civil Procedure, a party commences a civil action by filing a complaint, not a motion or some other paper.

rightful owner") without prejudice. No objection to the report and recommendation appears.

As the report explains, the "motion to return estate to rightful owner" offers no plausible basis to invoke federal jurisdiction. The plaintiffs cannot invoke diversity jurisdiction because Roberts is a citizen of Florida and the defendant is an estate probated in Florida. Similarly, the "motion to return estate to rightful owner" fails to assert any claim and mentions no statute or law that could plausibly support any federal claim.[2]

Also, the "motion to return estate to rightful owner" suggests that the plaintiffs are attempting to appeal or challenge a decision by a state court judge. But, "The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000).

Because no plausible basis for federal subject matter jurisdiction exists, because the *Rooker-Feldman* doctrine forecloses any attempt by the plaintiffs to challenge in federal court a decision by a state court, and for other reasons stated by the magistrate judge, the report and recommendation (Doc. 3) is **ADOPTED-IN-PART**. The motion (Doc. 2) to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE**.

---

[2] The motion cites Rule 60, Federal Rules of Civil Procedure, but as the magistrate judge notes "the Federal Rules of Civil Procedure do not create an independent basis for federal subject matter jurisdiction." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 n.3 (11th Cir. 1996).

The magistrate judge correctly notes that under *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005), a party typically must receive an opportunity to amend the complaint before an order dismisses the action. But if an amendment is futile or the complaint attempts a patently frivolous claim, no opportunity to amend is necessary. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015); *Corsello*, 428 F.3d at 1014. The plaintiffs fail to file any complaint and consequently fail to commence a civil action in accord with Rule 3. Even if the "motion to return estate to rightful owner" is construed as a complaint, any amendment is futile (1) because the paper lacks a cognizable basis to invoke federal subject matter jurisdiction and (2) because the plaintiffs by a federal action attempt to reverse the result in a state action. This action is **DISMISSED**. The clerk must close the case.

ORDERED in Tampa, Florida, on January 8, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE